## COLUMBIA MILL CO. *v.* ALCORN.

*(Circuit Court, E. D. Pennsylvania.  October 29, 1889.)*

1. TRADE-MARKS—GENERAL USE OF WORD "COLUMBIA."
   Plaintiff claimed as a trade-mark for flour barrels the word "Columbia," which had been for years in common use for many purposes as a trade-mark. *Held,* that, as the defendant's testimony, though not very full, seemed to show such a use for flour barrels, and as the plaintiff had not rebutted it, his claim to the word could not be sustained.

2. SAME—INFRINGEMENT.
   Where trade-marks on a certain merchandise contained in the same form of package are very numerous and similar, the rule is that some care must be exercised to distinguish one trade-mark from another; and if, this care being exercised, the difference is easily distinguishable, the second trade-mark does not infringe.

*(Syllabus by the Court.)*

Bill for Injunction and Account for Infringement of Trade-Mark.

P. H. *Gunckel* and *Strawbridge & Taylor*, for plaintiff.

James A. *Alcorn* and *John G. Johnson*, for defendant.

Before McKENNAN and BUTLER, JJ.

BUTLER, J.  The plaintiff claims an exclusive right to the word "Columbia" in brands for flour barrels; and charges the defendant with violating this right, and also with imitating his brands in which the word is used.

We do not think he is sustained by the proofs. The exclusive right claimed is not satisfactorily shown. The word "Columbia" is popular, and in common use for many purposes. That it should have been adopted long ago in branding flour barrels is quite probable; and the testimony seems to show that it was, both in the eastern and western sections of this country. If it be said the defendant's testimony in this respect, is not as full as it might be, the same may be said of the plaintiff's. The defendant went far enough to put the plaintiff to further proof. No more need be said respecting this branch of the case.

Flour brands are so numerous (nearly every miller and dealer having his own) and the general shape and style so similar, in consequence of their use on similar packages (barrels) that purchasers must necessarily observe them with some care to distinguish one from another. A passing glance cannot be relied upon; and we must suppose is not. In this respect the case differs from those in which trade-marks are ordinarily involved. Looking at the plaintiff's, and that of the defendant's which is said to resemble it, with the attention necessary to discriminate between the thousands of flour brands in common use, the difference must be seen immediately, even by the most inattentive buyer. The two or three witnesses who say they were misled must have been especially unobservant.

The bill must be dismissed with costs.

McKENNAN, J., concurs.