BATES MFG. CO. v. THE BATES MACH. CO.

(Circuit Court, D. New Jersey.   October 24, 1905.)

1. TRADE-MARKS—UNFAIR COMPETITION—USE OF NAME.

In the absence of contract, fraud, or facts raising an estoppel, the fact that a person assists in forming a corporation in the name of which his own name is used does not preclude the use of his name as a part of that of another corporation in which he subsequently becomes interested, although it is organized to engage in competing business.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 84.

Unfair competition, see notes to Scheuer v. Miller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME—IMITATION OF PACKAGES—INJUNCTION.

A manufacturer will be enjoined from so dressing his goods for the market that they are likely to be mistaken by purchasers for the goods of a competitor earlier in the business.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 73, 74, 83.]

In Equity.   On motion for preliminary injunction.

Frank L. Dyer, Delos Holden, and Melville Church, for complainant. Alfred B. Carhart, for defendant.

LANNING, District Judge.   The complainant seeks a preliminary injunction restraining the defendant: First, from using the name "Bates" in connection with the sale of automatic hand-numbering machines; and, second, from imitating the labels on the boxes in which the complainant's machines are packed and placed upon the market.   The proofs show that in 1890 Edwin G. Bates and Samuel Insull caused the complainant company to be organized under the laws of the state of New York, for the manufacture and sale of numbering machines under the patents, inventions, and processes theretofore secured by Bates.   Bates thereupon assigned his patents to the corporation, taking a part of its capital stock in consideration therefor.   The company started its business with Bates as its general manager.   For reasons hinted at in the proofs, but not clearly shown, Bates in 1895 sold out his stock and withdrew from the corporation.   He thereupon began the manufacture and sale of numbering machines on his own account, and seems to have slowly built up a business until some time in 1899, when he caused the defendant company to be organized under the laws of New Jersey.   It appears that the defendant company in 1904 put upon the market a new hand-numbering machine known as "Model No. 49." This machine came into direct competition with certain of the machines of the complainant.   The complainant now contends that the defendant has no right to use the name "Bates" in connection with the sale of automatic hand-numbering machines.   This contention is founded on the assertion that Edwin G. Bates, when he became a party to the organization of the complainant company in 1890, assigned to the corporation the sole and exclusive right to the use of his name in the manufacture and sale of hand-numbering machines.   But in the proofs submitted by

the defendant company this assertion is denied. A written agreement executed by Edwin G. Bates and Samuel Insull on September 13, 1890, is in evidence, but there is nothing in it to support the contention. If Bates transferred to the complainant company the exclusive right to use his name in the business above referred to, it must have been by some method not clearly disclosed in the proofs.

In Howe Scale Co. v. Wyckoff, Seamans, etc., 198 U. S., at page 140, 25 Sup. Ct. 614, 49 L. Ed. 972, it was said:

"We hold that, in the absence of contract, fraud, or estoppel, any man may use his own name in all legitimate ways, and as the whole or a part of a corporate name."

In that case the Circuit Court for the District of Vermont enjoined the defendant company from the use of the word "Remington," or the term "Rem-Sho," as the name or a part of the name of any typewriting machine whatever manufactured by the Remington-Sholes Company. The Circuit Court of Appeals of the Second Circuit considered the injunction too broad, and limited it by enjoining the defendant from the use of the name "Remington." The Supreme Court reversed even this modified decree and directed the bill to be dismissed, and in the course of the argument Chief Justice Fuller, after reviewing the authorities, said:

"Doubtless the Remingtons and Sholes, in using the name 'Remington-Sholes,' desired to avail themselves of the general family reputation attached to the two names, but that does not in itself justify the assumption that their purpose was to confuse their machines with complainant's; or that the use of that name was in itself calculated to deceive. Remington and Sholes were interested in the old company, and Remington continued as general manager of the new company. Neither of them was paid for the use of his name, and neither of them had parted with the right to that use. Having the right to that use, courts will not interfere where the only confusion, if any, results from a similarity of the names and not from the manner of the use. The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and, if defendant so conducts his business as not to palm off its goods as those of complainant, the action fails."

As the case now before me stands, there can be no preliminary injunction restraining the defendant company from using the word "Bates" in connection with the manufacture and sale of hand-numbering machines. Whether the complainant is entitled to relief by injunction must be determined only upon full proofs on final hearing.

But the complainant is clearly entitled to the relief sought on the second ground mentioned in its prayer for relief, namely, that the defendant be enjoined from imitating the labels on the complainant's boxes. The complainant's hand-numbering machines have long been put up in small rectangular boxes, upon the outer surfaces of which are pasted labels setting forth matters supposed to be of interest to the purchasers of the machines. On one end of each of these boxes is a label with the title "A Few Don'ts." The first two words "A few" are in small capital letters; the last word "Don'ts" is in large capital letters. Under this title are seven sentences, each of which commences with the word "Don't" in heavy type. The first sentence is: "Don't use rubber stamp ink upon pad of this machine." The defendant's machines are likewise

packed in small rectangular boxes upon the outer surfaces of which are pasted labels containing matters supposed to be of value to purchasers. On one end of each of the defendant's boxes is a label, at the top of which is the title "A Few Don'ts." The words "A few" are in small capital letters, and the word "Don'ts" is in large capital letters. Under the title are seven sentences each commencing with the word "Don't" in heavy type. Four of these seven sentences are literally the same as those used upon the complainant's boxes. The other three are substantially the same. The labels on the complainant's boxes also contain a series of "Useful Hints" concerning the use of the complainant's machine, while on the defendant's boxes is a series of "Important Suggestions" concerning the use of the defendant's machine. The substance of these "Important Suggestions" on the defendant's boxes is the same as that of the "Useful Hints" on the complainant's boxes. Indeed, in many respects the language is the same. Other striking similarities between the labels upon the boxes of the complainant and the defendant might be pointed out. I am satisfied that the defendant should not be permitted to use these labels in marketing its machine known as "Model No. 49." They are calculated to induce the purchasing public to believe that the defendant's machine known as "Model No. 49" is a product of the complainant company.

There will be a preliminary injunction restraining the defendant from using, in connection with the sales of its machine known as "Model No. 49," any label containing a reproduction in whole or in part of the language heretofore used by the complainant company upon its labels. The exact form of the order for injunction will be settled on notice.