BATES NUMBERING MACH. CO. v. BATES MFG. CO.†

(Circuit Court of Appeals, Third Circuit. April 23, 1910.)

No. 13 (1,319).

1. TRADE-MARKS AND TRADE-NAMES (§ 95*)—INFRINGEMENT—USE OF TRADE-NAME.

An order affirmed, granting a preliminary injunction restraining defendant, the "Bates Numbering Machine Company," from using such corporate name, or the words "Bates Numbering Machine," which had been for 18 years the trade-name of complainant's product, in connection with machines of any other make.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the Bates Manufacturing Company against the Bates Numbering Machine Company. Defendant appeals from an order granting a preliminary injunction (172 Fed. 892). Modified and affirmed.

Robert B. Honeyman, for appellant.

Delos Holden and Melville Church, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

LANNING, Circuit Judge. This is an appeal from an interlocutory order of the Circuit Court granting a preliminary injunction against the defendant, the Bates Numbering Machine Company. The order is:

"That a preliminary injunction be issued, out of and under the seal of this court, strictly enjoining and restraining the defendant, the Bates Numbering Machine Company, its officers, attorneys, agents, servants, and employés, until the further order of the court herein, from any further use of the words 'Bates Numbering Machine Company' as its corporate name, or, as such corporate name, any other words which sufficiently resemble the trade-name of the complainant's product, to wit, 'Bates Numbering Machines,' as to be likely to mislead or deceive the public into thinking or believing that the automatic hand numbering machines put out by the defendant are the product of the complainant; and from employing or using the expression 'Bates Numbering Machine' in connection with the sales of any automatic hand numbering machines not of the complainant's make, or in connection with the offering or advertising for sale thereof, and further enjoining and restraining the defendant from filling any orders or awards calling for a 'Bates Numbering Machine' with a machine or machines of other make than that of the complainant, or from seeking to induce prospective purchasers to change orders, proposals, and awards calling for a 'Bates Numbering Machine' so as to describe or specify a machine or machines of other make from that of the complainant, without at the same time clearly and unmistakably informing such purchasers that the machines made by the defendant are not those made by the Bates

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied.

Manufacturing Company, and that such company, and not the defendant, began to advertise and for many years exclusively advertised said machines. by the trade-name 'Bates Numbering Machine.' "

The record of the case shows that ever since 1892 the complainant, the appellee here, has been putting on the market what have been known as "Bates Numbering Machines." On September 28, 1908, a permanent injunction, following the preliminary injunction allowed in accordance with the opinion in 141 Fed. 213, was awarded against the present defendant at the suit of the present complainant, enjoining the defendant from using labels simulating those of the complainant. The right of the defendant to use the name "Bates Numbering Machines" was not adjudicated in that case. On January 15, 1909, the defendant changed its corporate name from "Bates Machine Company" to "Bates Numbering Machine Company." Confusion seems to have arisen. The facts disclosed by the affidavits seem to show, moreover, an intent on the part of the defendant to appropriate the trade-name "Bates Numbering Machine," by which the complainant's product has so long been known. After a careful review of the facts Judge Rellstab reached the conclusion that the order complained of should be made. See his opinion, 172 Fed. 892.

Without in any wise prejudging the case at it may appear on final hearing, we think the order should stand, except that the last clause, "and that such company, and not the defendant, began to advertise and for many years exclusively advertised said machines by the trade-name 'Bates Numbering Machine,' " should be stricken out.

As thus modified, the order is affirmed, with costs to the appellee.