**CREAMETTE CO. v. OVERLAND CANDY CORPORATION et al.**

No. 15483.

United States District Court
N. D. Illinois, E. D.

May 25, 1938.

F. A. Whiteley, Minneapolis, Minn., and Harold Olsen, Chicago, Ill., for plaintiff.

Williams, Bradbury, McCaleb & Hinkle and R. H. Wendt, all of Chicago, Ill., for defendants.

BARNES, Chief Judge.

The above-entitled cause came before the Court to be heard and for trial on Thursday, March 31, 1938, and was duly submitted upon pleadings and proof, testimony taken at the trial, and arguments of counsel. Thereupon, upon due consideration thereof, the Court finds:

1. That plaintiff, The Creamette Company, is a corporation duly organized and existing under the laws of the State of Minnesota, and is a citizen and inhabitant of Minnesota.

2. That defendant Overland Candy Corporation, is a corporation, of Chicago, Illinois, also doing business as Marshall & Norman Company, and as Chicago Biscuit & Cone Company, and is a citizen and resident of Illinois; that defendant Ditz Gum Company is a corporation of Illinois, independent of said Overland Candy Corporation, and is a resident and citizen of Illinois; that defendant Milko Cone & Baking Company is a corporation of Illinois, independent of Overland Candy Corporation, and is a citizen and resident of Illinois; that defendants Solomon Leaf and Harry Leaf are officers and stockholders of Overland Candy Corporation, and are residents and citizens of Illinois.

3. That plaintiff is the owner of Certificate of Registration No. 90,907, registered April 1, 1913, and renewed, covering the name Creamettes as a trade mark for Macaroni; that plaintiff is the owner of Certificate of Registration No. 115,209, registered January 30, 1917, and renewed, covering the name Creamettes as a trade mark for Breakfast Foods; that plaintiff is the owner of Certificate of Registration No. 190,536, registered October 14, 1924, covering the name Creamette as a trade mark for Salt, Baking Powder and Baking Soda; that plaintiff is the owner of Certificate of Registration No. 198,245, registered May 12, 1925, covering the name Creamette as a trade mark for Grape Juice; that plaintiff is the owner of Certificate of Registration No. 198,425, registered May 19, 1925, covering the word Creamette as a trade mark for Chewing Gum; that plaintiff is the owner of Certificate of Registration No. 201,880, registered August 11, 1925, covering the name Creamette as a trade mark for Potato Chips, Candy, Seedless Raisins, Canned Tomato Soup, Corn Sirup, Canned Pork and Beans, Canned Yellow Cling Peaches, Shredded Coconut, Pancake Flour, Pure Honey, Dutch Toast, Queen Olives, Peanut Butter, Sliced Bacon, Canned Potted Ham, Canned Salmon, Creamery Butter, Pure Lard, Canned Tomatoes, Canned Corn, Canned Evaporated Milk, Jelly Powder, Corn-Starch, Tapioca, Unpopped Pop Corn, Package Biscuit, Catchup, Wheat Flour, Cocoa, Fruit Preserves, and Bread; and that plaintiff is the owner of Certificate of Registration No. 233,754, registered October 11, 1927, covering the word Creamette as a trade mark for Tea and Coffee.

4. That each of said trade mark registrations and said Certificates of Registration Nos. 90,907, 115,209, 190,536, 198,245, 198,425, 201,880 and 233,754 was applied for and duly granted under the Trade Mark Registration Act of February 20, 1905.

5. That plaintiff has fully succeeded to, and is the successor in, the business of Mother's Macaroni Company, a corporation of Wisconsin; and that the assets, business, good-will and trade marks of said Mother's Macaroni Company were sold, as-

signed and taken over by plaintiff, The Creamette Company.

6. That plaintiff's predecessor, Mother's Macaroni Company, adopted and began the use of the trade mark Creamettes upon Macaroni on August 19, 1912; and that plaintiff and plaintiff's predecessor, Mother's Macaroni Company, have continuously employed the said trade mark since that date, and have employed the trade mark Creamettes, and its variant Creamette, in connection with the sale and distribution of all of the goods noted in the several registration certificates Nos. 90,907, 115,209, 190,536, 198,245, 198,425, 201,880 and 233,-754.

7. That plaintiff has employed the said trade mark Creamettes, and its variant Creamette, very extensively throughout all the period since its adoption in August 1912, on and in connection with the sale of the goods enumerated in said trade mark registration certificates, in Minnesota and in the State of Illinois, and in Chicago, and throughout the United States, and in foreign countries; and that the goods enumerated in said certificates of registration have become widely known by said trade mark Creamettes, and its variant Creamette, as products of plaintiff.

8. That plaintiff has extensively advertised its trade mark Creamettes, and the variant Creamette, in Minnesota, and in Illinois, and in the City of Chicago, and throughout the United States; and that because of said advertising and of the quality of products sold under said trade mark, an extensive and valuable good-will in and appurtenant to the use of said trade mark as designating goods of the plaintiff has been built up, and belongs to, and is owned by plaintiff.

9. That the aforesaid trade mark Creamettes, and the variant thereof Creamette, is not and are not descriptive terms, and has and have not had a prior use by others for the same class of goods as those designated in the said trade mark registrations, and that the term Creamettes, and its variant Creamette, is and are a good and technical trade mark, capable of exclusive appropriation, and that the said Creamettes, and its variant Creamette, is and

are the exclusive property of plaintiff for use upon the classes of goods and the specific articles enumerated in said certificates of registration.

10. That defendant Corporation Ditz Gum Company, and defendant Corporation Milko Cone & Baking Company, have not been shown to have used said trade mark Creamettes, or the variant thereof Creamette, and have not been shown to have employed in trade the aforesaid trade mark Creamettes, or the variant thereof Creamette, upon the classes of goods or any of the specific articles enumerated in said certificates of registration Nos. 90,907, registered April 1, 1913; 115,209, registered January 30, 1917; 190,536; 198,245, registered May 12, 1925; 198,425, registered May 19, 1925; 201,880, registered August 11, 1925; and 233,754, registered October 11, 1927.

11. That defendant Overland Candy Corporation, under its own name and under its trade names Marshall & Norman Candy Company and Chicago Biscuit & Cone Company, and defendants Solomon Leaf and Harry Leaf, have employed the trade mark Creamettes upon goods of like descriptive properties to those enumerated in said certificates of registration, to wit, upon sugar wafers sold to the retail trade in packages.

12. Defendants Overland Candy Corporation, Solomon Leaf and Harry Leaf have been duly notified in writing, before the commencement of this suit, of their infringement of plaintiff's trade mark, and said defendants failed and refused to respect plaintiff's trade mark rights, and to discontinue said infringement.

13. That defendants have sold in Interstate Commerce their said sugar wafers in packages having labels thereon bearing and displaying the trade mark Creamettes.

## Conclusions of Law

1. That plaintiff's trade marks, as registered under United States Certificate of Trade Mark Registration Nos. 90,907, registered April 1, 1913; 115,209, registered January 30, 1917; 190,536, registered October 14, 1924; 198,245, registered May 12, 1925; 198,425, registered May 19, 1925;

201,880, registered August 11, 1925; and 233,754, registered October 11, 1927, and said Certificates of Registration, are, and each is, good and valid in law.

2. That defendants, Overland Candy Corporation, under its own name and under its trade names Marshall & Norman Candy Company, and Chicago Biscuit and Cone Company, and defendants Solomon Leaf and Harry Leaf, have infringed upon plaintiff's trade mark rights and upon said registered trade marks by selling sugar wafers in packages bearing labels displaying plaintiff's trade mark Creamettes, and by selling such packaged sugar wafers in Interstate Commerce as Creamettes, specifically as Rainbow Creamettes.

3. That the Bill of Complaint as to defendants Ditz Gum Company and Milko Cone & Baking Company must be dismissed.

4. That plaintiff is entitled to a decree sustaining the Bill of Complaint and granting the relief therein prayed for against defendant Overland Candy Corporation in its own name or as Marshall & Norman Candy Company or as Chicago Biscuit & Cone Company and against defendants Solomon Leaf and Harry Leaf.