### CREAMETTE CO. v. MINNESOTA MACARONI CO.
#### Civ. No. 951.

District Court, D. Minnesota, Third Division.
Sept. 30, 1947.

Frank A. Whiteley, of Minneapolis, Minn., for plaintiff.

Oppenheimer, Hodgson, Brown, Donnelly & Baer, of St. Paul, Minn., for defendant.

BELL, District Judge.

On the evidence, files and records in the case, the briefs and arguments of counsel and on due consideration, the Court makes the Findings of Fact, Conclusions of Law and Order for Judgment as follows:

### Findings of Fact

1. The Creamette Company, plaintiff, is a corporation duly organized and existing under the laws of the state of Minnesota and has its principal place of business at Minneapolis. The Creamette Company is a successor to Mother's Macaroni Company and on or about September 8, 1917, took over the business of Mother's Macaroni Company and thereafter conducted that business, and then became and now is the owner of all trade marks employed in the business thereafter conducted by Mother's Macaroni Company, and became and now is the owner of the good will of the busi-

ness done in the use of said trade marks and each and all of them.

2. The Minnesota Macaroni Company, defendant, is a corporation duly organized and existing under the laws of the state of Minnesota and has its principal place of business at St. Paul.

3. Plaintiff and defendant both are engaged in the business of manufacturing and selling macaroni products. These products are sold and distributed by each of them in the cities of Minneapolis and St. Paul, and surrounding trade territory, and plaintiff and defendant are active and direct competitors in the sale of macaroni products in said territory. Each of the parties has been conducting such business in such territory since prior to 1910.

4. Sometime in the summer of 1912 plaintiff's predecessor, Mother's Macaroni Company, developed and prepared to market what it regarded as a new type of macaroni, to-wit, a short cut or elbow macaroni formed with very thin walls, which, because of said thin walls, would cook in much less time than had been true of earlier macaroni, and the evidence shows that such thin-walled quick-cooking macaroni was the first such quick-cooking macaroni which came on the market.

5. The president of Mother's Macaroni Company, Mr. James T. Williams, in searching for a trade-mark to employ on the new quick-cooking macaroni product, coined the word "Creamettes," and on or about the 15th of August, 1912, Mother's Macaroni Company began marketing said new type of macaroni in cartons bearing thereon as its trade-mark the word "Creamettes", and it then began advertising and pushing it as quick-cooking macaroni.

6. The trade-mark "Creamettes" was applied by Mother's Macaroni Company directly to the cartons in which the product was sold. It was always printed in a straight line, with a capital C and the remainder of the word small letters, and the two t's were crossed by a single bar. This trade-mark, so printed, appeared on the front face of the package and also on the sides and ends.

7. Soon after the trade-mark Creamettes was adopted, on or about January 1, 1913, Mother's Macaroni Company adopted as a trade-mark to be associated with the trade-mark Creamettes the representation of the head and hands of a girl wearing a cook's cap, the hands holding a package of Creamettes, and associated this head of a girl with the word "Creamettes" by placing it in line with and to the left of the word "Creamettes", as it appears upon the carton labels. The evidence shows, in an advertisement appearing in the Twin City Commercial Bulletin, that Mother's Macaroni Company began advertising the head of the girl in conjunction with the trade-mark Creamettes at least as early as March 15, 1913.

8. On October 17, 1912, Mother's Macaroni Company made application in the United States Patent Office for registration of its trade-mark "Creamettes" for macaroni, and on April 1, 1913, registration 90,-907 of the word "Creamettes" for macaroni was issued to Mother's Macaroni Company. Said registration was duly transferred to the Creamette Company when it took over the business of Mother's Macaroni Company, and has been renewed in the name of the Creamette Company.

9. On the 10th day of July, 1916, Mother's Macaroni Company made application in the United States Patent Office for registration of the girl's head with hands holding a package of macaroni for macaroni, and on March 27, 1917, the said trade-mark was registered as registration No. 115,988, and that registration sets forth that, "The trade-mark has been continuously used in the business of said corporation since about January 1, 1913," and said trade-mark became the property of the Creamette Company, but has not been renewed.

10. On or about March 9, 1926, plaintiff adopted and used upon cartons of Creamettes a representation of a somewhat different form of a head of a girl which did not have hands holding a package of macaroni, for macaroni, and substituted this new head of a girl upon its cartons in the same position in line with and at the left of the word "Creamettes" for the head of a girl of registration No. 115,988, which it then discontinued using. On April 16,

1926, before registration No. 115,988 had expired, plaintiff applied in the United States Patent Office for registration of the later girl's head and on August 16, 1916, said trade-mark was registered as No. 216,574.

11. The new head of a girl of registration No. 216,574 differs from the head of the girl of registration No. 115,988 in that it employs dark hair about and across the forehead and against the face of the girl, has the combination of a bonnet and a bow at the top to set off the face, said bow being colored red and associated with yellow and a dark green background, together with the showing of a slender curved neck all of which none of the other trade-marks did have.

12. Since January 1, 1913, to the present time, plaintiff and its predecessor, Mother's Macaroni Company, has always associated with the word "Creamettes" on its labels, by printing it in a line at the left of said word, the head of a girl, first the head of registration No. 115,988 and later the head of registration No. 216,574, and the evidence shows that such an association of a trade-mark word and a trade-mark representation of the head of a girl was first made by plaintiff's predecessor, Mother's Macaroni Company, and has always been present on cartons in which the new type of quick-cooking macaroni has been marketed by plaintiff.

13. Beginning immediately after the adoption of the trade-mark Creamettes and the development of the new thin-walled quick-cooking elbow macaroni, said new product was placed on the market by Mother's Macaroni Company bearing the trade-mark Creamettes, and after January 1, 1913, with the trade-mark of the first girl's head. From that time until the present time, the said thin-walled quick-cooking elbow macaroni has been sold by plaintiff's predecessor and by plaintiff under the trade-mark Creamettes in enormous quantities throughout the United States and in foreign countries. Always in all these sales since about January 1, 1913, the trade-mark Creamettes has been associated with the representation of the head of a girl in line with and to the left of the trade-mark Creamettes. For a period to about March 9, 1926, it was first, the girl of Registration No. 115,988, and after that time it was the girl's head of Registration No. 216,574. A good will in said trade-marks severally and in combination of very great value has resulted from said widespread and very large use and sales.

14. Prior to September 30, 1913, defendant was employing the trade-mark Minnesota on its macaroni, and on or about that date it began to use on its packages of macaroni the representation of a girl showing hands and arms holding a package of macaroni; on December 13, 1913, it made application in the United States Patent Office to register the said representation of a girl as its trade-mark for macaroni, spaghetti, vermicelli, egg noodles, and farina; on June 30, 1914, the said trade-mark was duly registered as No. 97,994. In the Certificate of Registration it is stated that "The trade-mark has been continuously used in its business since September 30, 1913." Defendant did not otherwise fix the date of first use of said trade-mark.

15. Defendant's principal trade-mark for many years for various macaroni products was the word "Minnesota", which it continued to use to a time somewhere in the period 1941–1945. The first elbow macaroni sold by defendant was labeled "Minnesota," and, at a date which defendant did not fix, it began selling thin-walled quick-cooking elbow macaroni under the trade-mark Amberolls. Later the trade-mark Amberolls was discontinued and Jenny Lee's Quickies was used in place thereof, and still later the trade-mark Quickettes was employed for what defendant designated on its labels as quick-cooking elbow spaghetti.

16. On April 10, 1939, defendant filed application in the United States Patent Office to register the word "Quickettes" as a trade-mark, and on December 5, 1939, the said Quickettes was registered as No. 373,305.

17. With the term Quickettes, defendant employed the picture of the head of a girl. This head of a girl is different from and distinctive over the girl shown in Regis-

tration No. 97,994, and is positioned in a different place on the label to wit, in line with and to the left of the trade-mark Quickettes. It differs in the particulars in that one has a bonnet and the other has not. One is holding a package of macaroni, and the other is not. One shows her arms, hands and wrist, and the other does not. One has the hair set to frame the face, and the other does not. One has a slender curving neck, and the other does not.

18. All the differences between the picture of defendant's Registration No. 97,994 and that of the girl's head used in association with the trade-mark Quickettes have the same resemblance to the girl's head employed by plaintiff of Registration No. 216,-574. That girl's head has a bonnet, is not holding a package of macaroni, does not show arms, hands and wrist, has the face framed in dark set hair, and shows a curved neck.

19. The product which defendant sold as Quickettes is designated as quick-cooking elbow spaghetti. This product is tubular, thin-walled and quick-cooking. It is larger in diameter than what is ordinarily marketed as spaghetti and is equivalent to a small-sized macaroni. It is used in the same way as the thin-walled quick-cooking macaroni and in use serves the same purpose. The term Quickettes, as employed upon defendant's packages, is a ten letter word spelled with a capital Q, and the other nine letters are small letters with the double t's crossed by a single long bar. As it appears on the labels, the picture of the girl is in line with and to the left of the word Quickettes. As originally used, defendant's head of a girl had a bonnet which was largely colored red, mounted in a medallion of a dark green color, and this medallion was positioned to cut into the capital letter Q.

20. The evidence shows that defendant was offering Quickettes for sale in a very limited way some time in 1941, that they did not list it in their price list of May 5, 1941, that they made some sales to the Red Owl Company from April to December of 1943, and that in the latter part of the summer and the fall of 1945 they began extensively advertising and pushing Quickettes.

They erected ninety billboards in and about the Twin Cities advertising Quickies and Quickettes, with the representation of these trade-marks on the billboards and without any name of the manufacturer. Soon after this advertising campaign was begun, on September 2, 1945, plaintiff notified defendant of its charge that Quickettes is an infringement of its registered trade-mark. Upon the refusal of defendant to recognize or respect the plaintiff's claimed rights, early in October, 1945, this suit was filed.

21. The evidence, as above outlined, does not establish facts sufficient to support the defense of laches.

22. The trade-mark term Quickettes, as defendant has used the same upon its packages in the sale of its thin-walled quick-cooking elbow macaroni, is not sufficiently distinctive over plaintiff's trade-mark Creamettes used in the same way to avoid liability of confusion, and hence use of the said trade-mark word Quickettes by defendant on its labels is an infringement of plaintiff's registered trade-mark No. 90,907.

23. Defendant's head of a girl positioned in line with and to the left of the trade-mark term Quickettes is not sufficiently distinctive over the girl's head of the plaintiff similarly positioned not to be liable to cause confusion, and such use of the head of a girl employed by defendant is an infringement of trade-mark registration No. 216,574.

24. The manner of use of defendant's term Quickettes upon substantially the same product as that upon which plaintiff uses its trade-mark Creamettes, to wit, a thin-walled quick-cooking macaroni product, wherein the word "Quickettes" is a ten letter word, as is the word "Creamettes", is printed with its first letter a capital and the remaining letters of the word in small letters, and has the two t's crossed by a single bar, all as is done by plaintiff with its trade-mark Creamettes, and which has a girl's head like plaintiff's positioned in line with and to the left of the word "Quickettes," as is true of plaintiff's trade-mark assembly, combines a set of similarities which lead to the conclusion that it was defendant's intention to approach as

closely as possible the plaintiff's trade-mark assembly and cannot be held not to be liable to cause confusion, and constitutes in its entirety unfair competition with plaintiff.

## Conclusions of Law

1. Plaintiff is owner of trade-mark registration No. 90,907, registered April 1, 1913, and renewed, and is the owner of the trade-mark Creamettes registered thereby for macaroni, and is the owner of the good will of the business in which said trade-mark is used and of all rights therein and thereto.

2. Said trade-mark Creamettes is a good and valid trade-mark and the registration thereof is good and valid and is now and since the date of its registration has been in full force and effect.

3. Plaintiff is owner of trade mark registration No. 216,574, registered August 17, 1926, and renewed, and is owner of the trade-mark comprising the representation of a girl's head registered thereby for macaroni, and is owner of the good will of the business in which said trade-mark is used and of all rights therein and thereto.

4. Said trade-mark representation of the head of a girl is a good and valid trade-mark and the registration thereof is good and valid and is now and since the date of its registration has been in full force and effect.

5. Defendant, in its use of the term Quickettes and the head of a girl positioned in line with and to the left of the word Quickettes, has infringed the said trade-marks and each thereof and has been guilty of unfair competition with plaintiff.

6. Plaintiff is entitled to judgment for an injunction against the defendant, Minnesota Macaroni Company, its officers, employees, attorneys and agents, to enjoin it from infringing said trade-marks and each thereof and from unfair competition with plaintiff, but not for an allowance of profits and damages and an accounting, and for costs to be taxed by the clerk.

Let judgment be entered accordingly.