## PULITZER PUB. CO. v. HOUSTON PRINTING CO.

(Circuit Court of Appeals, Fifth Circuit. February 26, 1926.)

No. 4576.

1. **Trade-marks and trade-names and unfair competition ⟐⟐3(4).**

One is not entitled to exclusive use of trademark, consisting merely of words describing qualities or characteristics of trade article.

2. **Trade-marks and trade-names and unfair competition ⟐⟐73(1)—Claim to relief against trade-mark infringement by use of name "Post-Dispatch" was not sustained, where plaintiff did not show exclusive use thereof in interstate or foreign commerce as describing newspaper without indicating ownership for 10 years next preceding February 20, 1905 (Trade-Mark Act Feb. 20, 1905, § 5, 33 Stat. 728 [Comp. St. § 9490]).**

Under Trade-Mark Act, § 5 (Comp. St. § 9490), claim to relief on ground of trade-mark infringement by use of name "Post-Dispatch" for newspaper was not sustained, where it was not shown that plaintiff had exclusive use of such name in interstate or foreign commerce for 10 years next preceding February 20, 1905, as required to register trade-mark of name describing newspaper, without indicating whose it was.

3. **Trade-marks and trade-names and unfair competition ⟐⟐93(3).**

Evidence *held* not to warrant injunctive relief on ground of unfair competition in use of newspaper name.

**4. Trade-marks and trade-names and unfair competition ⬅️78—Relief on ground of unfair competition cannot be awarded, without proof of wrongful conduct and probable substantial injury.**

Relief on ground of unfair competition cannot be awarded, without proof of wrongful conduct and at least probable substantial injury to business of complaining party.

Appeal from the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Judge.

Bill in equity by the Pulitzer Publishing Company against the Houston Printing Company. From a decree dismissing the bill (4 F.[2d] 924), plaintiff appeals. Affirmed.

John F. Green, of St. Louis, Mo., and W. O. Huggins, of Houston, Tex., for appellant.

Walter H. Walne, of Houston, Tex. (Walter H. Walne, C. R. Wharton, and Brady Cole, all of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing appellant's bill in equity, which sought to restrain alleged trade-mark infringement and unfair competition by the continuance of the use by the appellee of the words "Post-Dispatch" as the name of its newspaper, which is published at Houston, Tex. The bill contained allegations to the effect that in 1878 appellant adopted the words "Post-Dispatch" as the trade-mark or trade-name of its daily and Sunday newspaper, published at St. Louis, Mo.; that appellant has continuously used that trade-mark since its adoption; that, on appellant's application, it was admitted to registration in the United States Patent Office on July 10, 1924; and that appellee, after acquiring control of two newspapers published in Houston, Tex., called, respectively, the "Post," and the "Dispatch," in August, 1924, combined or consolidated them under the name of the "Post-Dispatch," or the "Houston Post-Dispatch," and since that time has published, circulated, and distributed its newspaper under that name.

Evidence adduced showed the following: In the year 1878, Joseph Pulitzer, through whom appellant holds, acquired control of two daily newspapers in St. Louis, one called the "Post" and the other the "Dispatch." Soon after those two papers were consolidated in December, 1878, the name "Post-Dispatch" was given to the consolidated paper. Since long prior to 1878 the words "Post" and "Dispatch" have been in common use throughout the English-speaking world as names for newspapers; many papers having different owners being designated by each of those names. At the time of the trial of this case approximately one out of every 14 daily newspapers sold in the United States was called the "Post" or the "Dispatch," or had a name of which one of those words is a part.

Since long prior to 1878 it has been a common practice throughout the United States for a newspaper formed by the consolidation of two papers to be given a name consisting of the names of the former papers separated by a hyphen, as the "Post-Dispatch," the "Globe-Democrat," the "Courier-Journal," the "Times-Picayune," etc. Such names have come to signify newspapers which are successors of two or more publications which have been merged into one. Since 1897 a weekly newspaper called the "Dardanelle Post-Dispatch" has been continuously published at Dardanelle, Ark., its circulation being mostly in Yell county, Ark., some copies of it going to subscribers and exchanges in other States. For several years prior to the institution of this suit three other newspapers having the name "Post-Dispatch" have been continuously published in Pennsylvania, Colorado, and North Carolina, respectively.

Appellant's paper, styled at the top of each page "St. Louis Post-Dispatch," is essentially different in type, get-up, and general appearance from appellee's paper, which is called the Houston Post-Dispatch. The Sunday edition of the St. Louis Post-Dispatch is printed several days prior to its date of issue. The Sunday editions of each of those papers were sold at a number of newsstands in the territory in which the Houston Post-Dispatch circulates. Frequently customers asked for the Post-Dispatch, without indicating whether the paper desired was the St. Louis Post-Dispatch or the Houston Post-Dispatch, and, to avoid a mistake, the dealer asked which paper was wanted. No evidence adduced tended to prove that any one bought appellee's paper when he intended to get appellant's. The circulation of the week-day issues of the St. Louis Post-Dispatch in any territory reached by the Houston Post-Dispatch is negligible.

[1, 2] When the appellant adopted for its newspaper the name "Post-Dispatch," and before and since that time, that name indi-

cated a newspaper which was the result of the combination or consolidation of two previously existing newspapers, one called the "Post" and the other the "Dispatch," but did not by itself indicate what newspapers called, respectively, the "Post" and the "Dispatch," were consolidated, or the ownership of the paper resulting from the consolidation. The name was and is so far descriptive that its adoption is to be regarded as having been for a purpose other than a reference to or indication of the origin or ownership of the newspaper to which it was given. It was settled long prior to the Trade-Mark Act of February 20, 1905 (33 Stat. 728 [Comp. St. § 9485 et seq.]), that one is not entitled to the exclusive use of a trade-mark consisting merely of words which are descriptive of the qualities or characteristics of an article of trade. Columbia Mill Co. v. Alcorn, 14 S. Ct. 151, 150 U. S. 460, 37 L. Ed. 1144; United Drug Co. v. Rectanus, 39 S. Ct. 48, 248 U. S. 90, 63 L. Ed. 141; Warner & Co. v. Lilly & Co., 44 S. Ct. 615, 265 U. S. 526, 68 L. Ed. 1161; Searle & Hereth Co. v. Warner, 112 F. 674, 50 C. C. A. 321.

Under section 5 of the just-mentioned act (Comp. St. § 9490), the fact that a word, when it was first used to designate an article, was descriptive of it, or indicative of its character or qualities, does not prevent the registration of that word as a trade-mark, if, in foreign or interstate commerce, it was in actual and exclusive use as a trade-mark of the applicant or his predecessors in title for 10 years next preceding February 20, 1905. That provision evidences the intention of Congress to recognize such exclusive use for the period mentioned as a sufficient assurance that the word had acquired a secondary meaning as the designation of the origin or ownership of the goods to which it was affixed. Thaddeus Davids Co. v. Davids, 34 S. Ct. 648, 233 U. S. 461, 470, 58 L. Ed. 1046, Ann. Cas. 1915B, 322. Appellant did not have exclusive use in interstate or foreign commerce of the name "Post-Dispatch" for a newspaper for 10 years next preceding February 20, 1905, nor at any time subsequent to that date and prior to the bringing of this suit. A prior exclusive use for the period mentioned was a prerequisite to an effective registration as a trade-mark of a name or word which by itself at the time of its adoption described or meant a newspaper without indicating whose newspaper it was. The claim to relief on the ground of trade-mark infringement was not sustainable, because appellant failed to prove a state of facts entitling it to the exclusive use of the words "Post-Dispatch" as the designation of a newspaper.

[3, 4] The evidence adduced did not warrant the granting of relief on the ground of unfair competition. So far as appears, appellee did not intend or attempt to palm off its paper as that of the appellant, and such deception was not a natural and probable result of its conduct. The two papers are readily distinguishable, as they do not resemble each other in type, get-up or general appearance. The evidence adduced failed to prove wrongful conduct on the part of the appellee, or actual or probable deception of ordinary buyers of newspapers, having the effect of bringing about purchases of appellee's paper by persons desiring appellant's. Relief on the ground of unfair competition cannot properly be awarded, in the absence of proof of wrongful conduct and at least probable substantial injury therefrom to the business of the complaining party.

The decree is affirmed.