**BURGER BREWING CO. v. MALONEY-DAVIDSON CO. et al.**

No. 7041.

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1936.

816

Frank Zugelter, of Cincinnati, Ohio (Murray & Zugelter, Alphonse G. Riesenberg, and Lawrence H. Steltenpohl, all of Cincinnati, Ohio, and Crawford, Middleton, Milner & Seelbach, of Louisville, Ky., on the brief), for appellant.

Charles W. Owen, of Toledo, Ohio (Owen & Owen, of Toledo, Ohio, and Benedict Elder, of Louisville, Ky., on the brief), for appellees.

Before HICKS and ALLEN, Circuit Judges, and FORD, District Judge.

FORD, District Judge.

Since 1918 appellant, an Ohio corporation, with its principal place of business at Cincinnati, has been engaged in selling hops, dry extract of barley malt, and malt syrup in the city of Louisville, Ky., and adjoining territory as well as in other principal cities and important trade centers throughout the United States, under the trade-mark "Buckeye." In 1921, it secured registration in the United States Patent Office of the word "Buckeye" as its trade-mark for hops and also for "dry pulverant extract of barley-malt used in making bread, biscuits, muffins, candy and cake, and in making the potable drink known as 'malted milk,' in Class 46, Foods and ingredients of foods." Appellant has never engaged in making or marketing beer, although it is alleged that it "is preparing to market beer on which it expects to use the trade-mark 'Buckeye.'"

From the year 1885 until the advent of National Prohibition, the appellee the Buckeye Brewing Company, an Ohio corporation located at Toledo, manufactured and sold "Buckeye" beer. During the Prohibition period, it sold near beer under the same trade-name or brand, and when the sale of beer again became legal it resumed and has since continued the manufacture and sale of its "Buckeye" brand of beer. The field of appellee's business operations in the sale of its beer was confined to the States of Ohio, Michigan, and Indiana, until the spring of 1933, when it extended its business to parts of Kentucky adjacent to and including the city of Louisville, where the appellee Maloney-Davidson Company was its agent and distributor when this action was instituted.

By reason of long prior use of the word "Buckeye" as its trade-mark for malt syrup in the Louisville territory, the appellant claims that the subsequent use of the same trade-mark by the appellees on beer, alleged to be an analogous commodity and of the same descriptive class as malt syrup, constitutes infringement of its trade-mark and that the manner in which the appellees have employed the word "Buckeye" in connection with the sale of their beer, in the Louisville territory, constitutes unfair competition. It filed this action seeking an injunction restraining the appellees from further use of the trade-mark in connection with the sale of beer and for an accounting of profits and damages.

From a decree of the District Court denying appellant the relief prayed for, and dismissing the bill for want of equity, this appeal is prosecuted.

By an amendment to the bill, the appellant set out an assignment to it by the Hudepohl Brewing Company purporting to transfer the trade-mark "Buckeye" for beer, unaccompanied with transfer of any of the business in connection with which the trade-mark was said to have been used. Evidently recognizing that such assignment is ineffective to convey trade-mark rights, appellant now disclaims any reliance thereon.[1] Further reference to that transaction is unnecessary.

Between the years 1881 and 1932, the word "Buckeye" was registered in the United States Patent Office more than one hundred times for use as a trade-mark by many different persons in different sections of the country for various kinds of foods, medicines, beverages, and a great variety of other commodities entering into the field of ordinary commerce. Many of the registrations antedate appellant's adoption of the word and many others are subsequent thereto. In its amended bill the appellant states that the Hudepohl Brewing Company and its predecessors used the trade-mark "Buckeye" for beer and other beverages "for forty-five (45) years or more last past, within a radius of about one hundred (100) miles around Cincinnati, Ohio, * * * which * * * extended * * * into

---

[1] "Plaintiff does not rely upon any rights obtained by virtue of the assignment of The Hudepohl Brewing Company's rights in the trade-mark 'Buckeye' for beer to the plaintiff The Burger Company." Appellant's Brief, p. 24.

those parts of the states of Kentucky and Indiana contiguous to the southwestern part of Ohio."

In the case of Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 361, 60 L.Ed. 713, the court said: "If the symbol or device is already in general use, employed in such a manner that its adoption as an index of source or origin would only produce confusion and mislead the public, it is not ·susceptible of adoption as a trade-mark. Such a case was Columbia Mill Co. v. Alcorn, 150 U.S. 460, 464, 14 S.Ct. 151, 37 L.Ed. 1144, 1146, affirming [C.C.] 40 F. 676, where it appeared that before complainant's adoption of the disputed word as a brand for its flour the same word was used for the like purpose by numerous mills in different parts of the country."

While it is the general rule that, "as between conflicting claimants to the right to use the same mark, priority of appropriation determines the question" (United Drug Co. v. Rectanus Co., 248 U.S. 90, 100, 39 S.Ct. 48, 51, 63 L.Ed. 141), this rule has no application where the trade-mark in question is one which, through long general use, has lost all elements of originality and distinctiveness. Such a symbol or device is available for use as a trade-mark by all who, fairly and in good faith, choose to make use of it.

It is clear that the appellant has no right to the exclusive use of the trade-mark here involved and, in the absence of bad faith, unfair competition, or perfidious dealing, is entitled to no protection as against its subsequent use by the appellees. To entitle appellant to the equitable relief herein sought, "such circumstances must be made out as will show wrongful intent in fact, or justify that inference from the inevitable consequences of the act complained of." Elgin National Watch Co. v. Illinois Watch Co., 179 U. S. 665, 674, 21 S.Ct. 270, 274, 45 L.Ed. 365. "The appellee having the right to use the words, * * * it cannot now be held guilty of unfair competition because it has done so." Carthage Tobacco Works v. Barlow-Moore Tobacco Co., 5 F.(2d) 469, 471 (C.C.A.6).

No such similarity is shown to exist in the appearance or general characteristics of beer and malt syrup as that the use of the same trade-mark on them in the same territory would be reasonably calculated to mislead the public as to their identity. Their commercial uses are not the same, and no such intimate connection or association is shown to exist between them, in the trade, as would be reasonably calculated to cause casual purchasers to conclude that they have a common origin. Pabst Brewing Co. v. Decatur Brewing Co., 284 F. 110 (C.C.A.7); Pease et al. v. Scott County Milling Co. (D.C.) 5 F. (2d) 524, and France Milling Co. v. Washburn-Crosby Co., 7 F.(2d) 304 (C. C.A.2).

The evidence is insufficient to show that the introduction of appellees' beer into the Louisville field, under the trademark "Buckeye," was for the fraudulent purpose of profiting by appellant's reputation or to palm off appellees' goods upon the public as the product of appellant. Entry into Kentucky territory was merely the result of the normal growth and development of appellees' business, and, in so doing, it does not appear that appellees harbored any design inimical to the interests of appellant.

Considered in the light of all attendant circumstances, among which is the significant fact that for many years the same parties have simultaneously used the same mark for their respective products in Ohio, Indiana, and Michigan without appearance of confusion or conflict, neither the acts complained of nor their inevitable consequences are sufficient to show wrongful intent in fact on the part of the appellees, or to justify an inference of such intent.

We concur in the conclusion of the District Court that the appellant failed to make out a case of trade-mark infringement or unfair competition.

In order to minimize the chance of confusion in the future, the District Court required that on appellee's beer labels and advertising matter circulated and used in the future (except on electric signs used at place of sale), it shall be plainly shown that the beer is manufactured by the Buckeye Brewing· Company of Toledo, Ohio.

Having sustained no appreciable injury as the result of wrongful or improper use of the trade-mark by appellees in the past and being thus adequately protected against danger of such injury in the future, the appellant is entitled to nothing more.

Decree affirmed.