**GREYHOUND CORPORATION et al. v.
GOBERNA et al.**

No. 10180.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1942.

L. S. Julian and V. E. Cline, both of Miami, Fla., for appellants.

James M. Carson, of Miami, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The Greyhound Corporation and its subsidiary, Atlantic Greyhound Corporation, sought an injunction against J. Mitchell Goberna, Havana Greyhound Tours, Inc., and Cuban Greyhound Tours, Inc., to prevent their use of the name "Greyhound" in connection with the transportation and tour business. After hearing the evidence, the court entered findings of fact and conclusions of law, and held that the defendants were not entitled to use of the name "Greyhound" as applied to the bus transportation business; but that "by virtue of being prior users of the name 'Greyhound' in the Cuban tour business" they were entitled to continue their use of the name in such business; and that plaintiffs, by acquiescing in the use of the name by the defendants, and by accepting certain benefits derived from the sale of Havana Greyhound Tours, were estopped from enjoining the defendants' use of the name in the Cuban tour business. The plaintiffs have appealed, contending that the court erred in holding that they were estopped and that the defendants were entitled to continue using the name "Greyhound" in connection with the Havana and Cuban tour business.

Since 1926, the Greyhound Corporation has continuously operated as a common carrier of passengers by motor bus in the United States. The corporation has developed an extensive system of connecting bus lines, and is closely affiliated with numerous other bus lines engaged in the business of carrying passengers for hire. There are many wholly or partially owned subsidiaries of the Greyhound Corporation. The appellant Atlantic Greyhound Corporation is controlled by the parent corporation which owns 76% of its voting stock. Each of the affiliated companies uses the word "Greyhound" as a part of its corporate name. The symbol of a running greyhound dog has been uniformly used throughout the system since 1927.

The affiliated Greyhound Companies have expended large sums of money for publicity. Their advertisements have appeared in no less than 19 magazines of national circulation, and in approximately 3,000 newspapers, including those published in Miami and Miami Beach, Florida. Numerous radio stations and moving picture theaters have carried their publicity, and other extensive advertising has been done through billboards, posters, circulars, fold-

ers, pictures, and displays. As a result of advertising, standardization and improvement of equipment, and dependability of service, the Greyhound Lines have established an enviable reputation in the bus transportation business throughout the country. With the public, "Greyhound" has become a well-established trade name with a recognized meaning of great value; and the "Greyhound" name and the greyhound dog symbol are generally accepted by the public as designating the Greyhound Corporation, its subsidiaries, and affiliates.

The appellant Atlantic Greyhound Corporation uses the name "Greyhound" and the greyhound symbol in Florida; and an affiliated corporation, Greyhound Bus Depot, Inc., maintains a ticket office in Miami Beach, where bus tickets and all-expense tours are sold.

Since 1923, J. Mitchell Goberna has been engaged in the Cuban tour business through his corporation, Mitchell's Tours, Inc. Havana Greyhound Tours, Inc., was incorporated in Florida on January 18, 1935, with Goberna as its president and director; and Mitchell's Tours, Inc., became the exclusive agent of his newly organized corporation. Cuban Greyhound Tours, Inc., was incorporated in 1936, but has remained inactive.

After incorporation of Havana Greyhound Tours, Inc., Goberna, acting through his corporation, Mitchell's Tours, Inc., entered into contract with the Greyhound Bus Depot, Inc., whereby the depot was to sell Mitchell's and Havana Greyhound tours for a stipulated commission fee. After expiration of the contract, Goberna opened an office where he sold Cuban tours and bus tickets. Havana Greyhound Tours were advertised by Goberna with the word "Greyhound" being given special prominence in the advertisements. A large sign outside the entrance to the Goberna and Mitchell's Tours office in Miami bore the name "Havana Greyhound Tours", with the word "Greyhound" in conspicuously larger letters than the other words; and in addition there appeared an electric neon sign with the symbol of a greyhound dog in a running position. A similar sign appeared at the Miami Beach office, and the name was displayed on an awning along with the words "Bus Depot". Similar misleading advertising matter appeared in the telephone directory, and on descriptive circulars distributed in Dade County,

Florida. The Atlantic Greyhound Corporation wrote a letter to Goberna on March 7, 1939, requesting him to discontinue use of the name "Greyhound" in connection with his business, but he did not comply with this request.

That such advertising by Goberna and his corporation was misleading cannot be doubted, and Goberna knew it was misleading and that the traveling public was being confused. He testified that the advertising caused a "lot of conflict"; and that people came to him thinking he was a Greyhound interest, "I began to realize that in the advertisement that appeared there was a conflicting misunderstanding as to the names."

The appellees point out that the word "Greyhound" is used in Miami in connection with dog racing, and as the name of several business establishments. They concede, however, that appellants have earned the right to use the name in connection with the bus transportation business, but contend that appellants are not entitled to exclusive use of the name in connection with the business of selling and conducting all-expense tours to the Republic of Cuba. The business of selling and conducting tours is in its nature related to the transportation business, for it necessarily involves the securing of certain travel facilities and accommodations for the tourist. Tours and travel are generally thought of as being related to each other. Goberna's choice of the word "Greyhound", and its prominent use in connection with his tour business was obviously confusing, and had the effect of leading the public to think that they were purchasing a tour sponsored by the Greyhound Lines, a well-known transportation service with a national reputation. By such improper use of the name, Goberna and his corporation were allowed to capitalize on the reputation and good will of the Greyhound Corporation and its affiliates. Moreover, if Goberna's tour services failed to measure to the usual standards of the Greyhound system, an unfavorable reflection upon Greyhound service would result in the minds of the public, and these companies' hard-earned and well-deserved reputation for service and dependability would be impaired.

Choice of the name "Greyhound", and its subsequent conspicuous display along with the greyhound symbol, make it apparent that Goberna was attempting to

build upon and benefit by the reputation and good will of the Greyhound Lines. Under such circumstances, "the use of the advertising or trade name or distinguishing mark of another, is in its nature, fraudulent and will be enjoined." Aetna Casualty & Surety Co. v. Aetna Auto Finance Co., 5 Cir., 123 F.2d 582, 584, and cases cited; Bates Mfg. Co. v. Bates Numbering Machine Co., C.C., 172 F. 892; Id., 3 Cir., 178 F. 681; Wall v. Rolls-Royce of America, 3 Cir., 4 F.2d 333; Akron-Overland Tire Co. v. Willys-Overland Co., 3 Cir., 273 F. 674.

The holding that plaintiffs were estopped from enjoining defendants' use of the name may not stand. The contract by which the subsidiary bus depot corporation agreed to sell Goberna's tours for a commission did not bar the right of the plaintiffs to enjoin the unauthorized use of their name. The contract was, at most, a license to use the name for a limited period of time, and that period of time has long since expired. Since appellants seek injunctive relief only, and not recovery for gains and profits, the scope and effect of the contract need not be discussed further. Cf. El Modelo Cigar Mfg. Co. v. Gato, 25 Fla. 886, 7 So. 23, 6 L.R.A. 823, 23 Am.St. Rep. 537.

The injunction should have been granted. The judgment is reversed and the cause is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.