## STANDARD BRANDS, Inc. et al. v. EASTERN SHORE CANNING CO., Inc.

### No. 5816.

United States Court of Appeals
Fourth Circuit.

Jan. 22, 1949.

C. O'Conor Goolrick, of Fredericksburg, Va., and Ellis W. Leavenworth, of New York City (Watson, Bristol, Johnson & Leavenworth and Tracy R. V. Fike, all of New York City, on the brief), for appellants.

Barron F. Black, of Norfolk, Va., (Mears & Mears, of Eastville, Va., Vandeventer & Black, of Norfolk, Va., Benjamin W. Mears, of Eastville, Va. and Cadwallader J. Collins, of Norfolk, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Standard Brands Incorporated, a Delaware corporation, as owner of the registered trade mark V-8 for vegetable juices, brought this suit for infringement against the Eastern Shore Canning Company, a Virginia corporation, which uses the trademark VA upon tomato juice and lima beans. Campbell Soup Company, a New Jersey corporation, to which the trademark V-8 has been transferred, has been allowed to intervene as party plaintiff. The District Judge, finding no infringement or likelihood of confusion, dismissed the complaint.

The trade-mark V-8 has been used since 1937, and in Virginia since 1938, on cans containing a combination of the juices of eight vegetables which resembles tomato juice in appearance. The nature of the product is described on the labels of the cans and in advertisements as an inspired combination of the juices of eight fresh vegetables, and a sum in excess of two million dollars has been spent by plaintiff in

nation wide advertisements of this sort. Total gross sales have amounted to $23,000,000, including $315,000 in Virginia, where the defendant manufactured its product. Recently tomato catsup and chile sauce have been sold under the trade-marks V-8 and AAA, but the advertisement of the combination of eight vegetables in connection with the trade-mark V-8 has led the public to associate the trade-mark with that particular product. The plaintiff quotes with approval the following passage from Standard Brands Inc. v. Smidler, 2 Cir., 151 F.2d 34, 36:

"This mark has become the distinctive name of that cocktail not because it is inherently descriptive of anything but because it has been so used that it has become associated in the public mind as the banner of that product. That does not make the mark descriptive but is only evidence of the effectiveness of its use. By repeatedly advertising the fact that its cocktail is made of the combined juices of eight vegetables, the plaintiff has undoubtedly taught the purchasing public that 'V-8' on a tin can means such a cocktail."

The Eastern Shore Canning Company was incorporated in 1930 with a paid-in capital of $37,500, and is engaged in growing, canning and selling vegetable and tomato juice at Machipongo, on the eastern shore of Virginia. Since 1930 it has packed and sold various vegetables under the trade-marks, Eastern Shore, ESCCO and Virginia Best. It has used the trade-mark VA since October, 1941 on lima beans; and since July, 1944 on tomato juice.

The plaintiff does not use its trade-mark V-8 on tomato juice or lima beans; it sells frozen lima beans under the trademark "Fleischmans" and tomato juice under the trade-marks "Loudon" and "Triple AAA".

Since 1940 the defendant has spent on plates for printing labels for VA lima beans and VA tomato juice, and in advertising them $2557. By October, 1941, the plaintiff had spent $161,034 in advertising the trade-mark V-8, and its sales of V-8 vegetable juices amounted to $2,852,334, including $34,520 in Virginia; and by July, 1944, it had spent $1,012,726 in advertising and

had made sales amounting to $14,131,419, including $180,000 in Virginia. From October 27, 1941 to December, 1946 the defendant's gross sales of VA lima beans and tomato juice were $116,628.42 out of a total sales of approximately $1,500,000. Sixty-five per cent. of defendant's products have been marketed under its customers' trade-marks or without trade-mark.

Although plaintiff's offices in Norfolk and Newport News were less than one hundred miles from where defendant was doing business, the plaintiff had no knowledge of defendant's use of the trade-mark VA on tomato juice until October, 1945, and no knowledge of its use on lima beans until February 16, 1946, when this use was brought to the attention of plaintiff by attorneys for the defendant in the course of correspondence between the attorneys for the respective parties. The instant suit was brought on August 12, 1946.

It is not contended that defendant has used the trade-mark VA with intent to imitate the trade-mark V-8 or to pass off its goods as those of the plaintiff, cf. Restatement of Torts, § 729, Comment f, and there is no evidence that any purchaser has bought defendant's products in the belief that they originated with the plaintiff. The defendant does not display its trade-mark VA in such a way as to lead a purchaser to confuse it with V-8. On this point the District Judge made the following finding which is supported by the evidence:

"There is a marked difference in the appearance of the labels and trade-marks used by the respective parties, including their background, their coloring, and the arrangement of the printed matter thereon. Even the letters, or symbols, V-8 and VA, as printed on the labels, are decidedly unlike both in form and coloring. Neither the defendant's VA tomato juice label nor its VA lima bean label bears such a resemblance to plaintiff's V-8 label as would cause the ordinary shopper who might see them on the store shelf to mistake one for the other or to be in any way confused. The difference in appearance is such as to offer no suggestion that the products to which they are attached are from the same source or are put up by the same packer."

The gist of the plaintiff's argument is that VA and V-8 are substantially the same in sound and are similar in appearance, and hence they are likely to be confused; and that a purchaser is likely to believe that the canned tomato juice and the canned lima beans of the defendant originated with the plaintiff since they belong to the same category of food products as the vegetable juices which the plaintiff produces and widely advertises.

The plaintiff also insists that the mark VA, as used by the defendant on its cans, has no geographical significance, and that the District Judge erred in making the following finding of fact.

"The only element of similarity between the trade-marks V-8 and VA is in a similarity of sound when the terms are not distinctly articulated and this similarity rests on the assumption that defendant's products are referred to as the VA (vee-ay) brand instead of by the name Virginia, for which the letters VA are the accepted abbreviation. There is no evidence that defendant's products are customarily referred to as VA (vee-ay) brand but even if it be assumed that they are there is no reasonable probability that a customer would receive the wrong product inasmuch as the plaintiff does not market either tomato juice or lima beans under the V-8 trade-mark, and the defendant does not market a cocktail of vegetable juices under any mark."

 We do not think that these contentions are tenable or justify a reversal of the judgment below. It is of course true that proof of actual deception is not needed to justify an injunction against the use of a trade-mark if it is of such a character or used in such a way as to be likely to deceive a prospective purchaser, and that similarity of sound, as well as of appearance may be taken into account in weighing this probability. S. S. Kresge Co. v. Champion Spark Plug Co., 6 Cir., 3 F.2d 415; George W. Luft Co. v. Zande Cosmetic Co., 2 Cir., 142 F.2d 536, 538; Coca-Cola Co. v. Old Dominion Beverage Corp., 4 Cir., 271 F. 600, 602; LaTouraine Coffee Co. v.

Lorraine Coffee Co., 2 Cir., 157 F.2d 115. And it is also well established that the protection which the law gives to the owner of a trade-mark is not confined to the goods upon which it has been used by the owner, but extends to products which would be reasonably thought by the buying public to come from the same source if sold under a similar mark. Standard Brands Inc. v. Smidler, 2 Cir., 151 F.2d 34, 36; Restatement of Torts, § 728, Com-Brands Inc. v. Smidler, 2 Cir., 151 F.2d ment c, § 730.

 Nevertheless, it must be borne in mind that all of the factors which enter into a case of trade-mark infringement are to be considered in determining the crucial question whether the defendant's actions are likely to lead an appreciable number of prospective purchasers to regard its goods as coming from the same source as plaintiff's, and that this question must be left to the determination of the trier of fact. Restatement of Torts, § 728, Comment a. In the pending case that question was carefully considered by the District Judge and his determination seems to us to be correct. It is significant, as pointed out in his opinion, that V-8, as used by the plaintiff, has become associated in the public mind with a specific combination of vegetable juices; that defendant does not manufacture this product and has used its accused mark only on products which no one would mistake for the combination; and that the letters VA are customarily used as an abbreviation of the name of the state in which the defendant produces and distributes its goods, and when used in connection with defendant's name, which includes the well known designation of a geographical subdivision of the state, would be understood as indicating the territorial origin of the product rather than the goods of a corporation of nation wide fame. Against this factual array the phonetic similarity of the two marks cannot prevail, even if it be supposed, in the absence of any testimony on the point, that the defendant's goods are asked for as VA rather than Virginia tomato juice or lima beans.

Affirmed.