14-4748
*C & L Int'l Trading Inc. v. Am. Tibetan Health Inst., Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
                      JOSÉ A. CABRANES,
                                  *Circuit Judges,*
                      STEFAN R. UNDERHILL,
                                  *District Judge.*[*]

─────────────────────────────────

C & L INTERNATIONAL TRADING INC., KAM NG,

  *Plaintiffs-Appellants,*

K & C INTERNATIONAL TRADING INC.,

  *Plaintiff,*

  v.                                               No. 14-4748

AMERICAN TIBETAN HEALTH INSTITUTE, INC.,
CHUNG KEE (USA) INTERNATIONAL INC., YAT CHAU
(USA) INC., TUNG REN TANG, RON FENG TRADING
INC., YONG LONG SUPERMARKET INC., KANG LI
TRADING INC.,

─────────────────────────────────

[*] The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

*Defendants-Appellees,*

FARGO TRADING INC.,

*Defendant.*

_____

**FOR PLAINTIFFS-APPELLANTS:**         MITCHELL M. WONG, Ashmasons LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**         OTTO O. LEE, Intellectual Property Law Group LLP, San Jose, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiffs-appellants C & L International Trading Inc. ("C & L") and Kam Ng ("Ng") appeal from the District Court's December 3, 2014 judgment amending its June 25, 2014 opinion and injunction and thereby implicitly rejecting plaintiffs-appellants' argument that the injunction should be lifted because the trademark to which it relates is not protectable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When the instant action commenced on April 22, 2013, C & L, Ng, and defendant-appellee American Tibetan Health Institute, Inc. ("ATHI") all "manufacture[d] and [sold] tea called 'Tibetan Baicao Tea,' in similar packaging." *C & L Int'l Trading Inc. v. Am. Tibetan Health Inst., Inc.*, No. 13-CV-2638 (LLS), 2013 WL 6086907, at *1 (S.D.N.Y. Nov. 19, 2013); *see also C & L Int'l Trading Inc. v. Am. Tibetan Health Inst., Inc.,* 77 F. Supp. 3d 322, 324 (S.D.N.Y. 2014). Approximately five months earlier, on November 20, 2012, Ng had registered a "mark consist[ing] of the words 'Tibetan Baicao Tea,' with the Chinese characters of the same words traversing the English words vertically," with the United States Patent and Trademark Office ("USPTO"). In so doing, Ng asserted that "the English translation of 'baicao' in the mark is 'herbs.'" Approximately five-and-a-half months after that, on May 7, 2013, ATHI registered its own trademark for "Tibetan Baicao Tea" with the USPTO, claiming that "the word[ ] 'baicao' has no meaning in a foreign language."[1]

_____

[1] On December 8, 2011, Ng, on behalf of plaintiff K & C International Trading Inc., had also registered a trademark consisting of the words "Tibetan Baicao Tea" with the New York State Department of State.

The parties eventually sued each other for trademark infringement, "alleging [their respective] right[s] to exclusive commercial use of the name 'Tibetan Baicao Tea' and design marks found on the tea boxes." *C & L Int'l Trading*, 77 F. Supp. 3d at 324. ATHI thereafter "moved to preliminarily enjoin . . . Ng from selling Tibetan Baicao Tea. All parties agreeing that the only material issues in substantial dispute were which of them had first used its marks in commerce in the United States and (if it was ATHI) whether ATHI had thereafter abandoned the marks," the District Court consolidated the hearing on ATHI's motion with a trial on the merits under Rule 65(a)(2) of the Federal Rules of Civil Procedure. *Id.* "The jury determined that ATHI was the first to use its trademarks in commerce, and did not later abandon the marks." *Id.* No party claimed before or during trial that "Tibetan Baicao Tea" was not protectable.

On June 25, 2014, the District Court entered the injunction that ATHI had originally sought. *See C & L Int'l Trading Inc. v. Am. Tibetan Health Inst., Inc.,* 28 F. Supp. 3d 217 (S.D.N.Y.), *amended by* 77 F. Supp. 3d 322 (S.D.N.Y. 2014). The injunction prohibited plaintiffs-appellants from "[s]elling or offering to sell, manufacturing, supplying, distributing, making, or importing into the United States any product named, marked or labelled or otherwise identified as 'Tibetan Baicao Tea' or 'Baicao Tea' in English or any foreign equivalent," "bearing the Baicao mark," or "bearing the word 'baicao' in any language, including but not limited to English, Chinese, or Tibetan transliterations." *Id.* at 221. The injunction thus restricted plaintiffs-appellants' use of not only "Tibetan Baicao Tea," but also "Baicao Tea" and "baicao."

Apparently after the injunction was issued, plaintiffs-appellants retained new counsel, who appeared on their behalf at a July 22, 2014 conference. At this conference, plaintiffs-appellants took the position, for the first time, "that the term baicao is [not] . . . protect[able]" because "[t]erms descriptive of a product cannot be trademarked as a matter of law." According to plaintiffs-appellants, "[t]he term is well known . . . in Chinese vernacular. . . . [I]f you took th[e] [two Chinese characters corresponding to 'baicao'] and you typed [them] into any . . . major Internet translation service for free, you would see that it comes up as the word herbal." On the basis of this argument, plaintiffs-appellants requested that the District Court amend the injunction accordingly.

The District Court held a second conference on October 24, 2014, at which plaintiffs-appellants seem to have not only reiterated their previously expressed position, but expanded it. Instead of arguing that only the term "baicao" is not protectable, plaintiffs-appellants "disagree[d] that 'Tibetan Baicao Tea' as a phrase together is still protectable in the context of this case." In support, plaintiffs-appellants cited *Delaware & Hudson Canal Co. v. Clark*, 80 U.S. 311 (1871), as well as 15 U.S.C. § 1052(e)(2), for the proposition "that terms that designate geographic origin or geographic affiliation cannot be protected." Defendants-appellees responded that "certainly the term 'herbal' actually does not translate to 'Baicao' at all. . . . The term 'Baicao' is a term that our client came up with . . . from two words, the first word being 'hundred' and the second word means grass. . . . Hundred grasses."

3

On December 3, 2014, the District Court issued an amended opinion and injunction, in which all restrictions on plaintiffs-appellants' use of "baicao" and "Baicao Tea" were lifted, but the restrictions on their use of "Tibetan Baicao Tea" remained intact. *See C & L Int'l Trading*, 77 F. Supp. 3d 322. By leaving these restrictions intact, the District Court implicitly rejected their argument that "Tibetan Baicao Tea" was not protectable. Plaintiffs-appellants timely appealed.

Without delving into the merits of plaintiffs-appellants' protectability argument, we affirm the District Court's judgment on procedural grounds. By failing to raise this argument until after trial, plaintiffs-appellants forfeited it. *See Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 526 (2d Cir. 2004) ("Generally, a failure to plead an affirmative defense results in a waiver." (internal quotation marks omitted)); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 70 F.3d 251, 254 (2d Cir. 1995) (describing the defense that a mark is not protectable because it is not "inherently distinctive" as an affirmative defense); *PaperCutter, Inc. v. Fay's Drug Co.*, 900 F.2d 558, 561 (2d Cir. 1990) (describing the defense that a mark is not protectable because it is "descriptive and ha[s] not acquired secondary meaning" as an affirmative defense); *Chappell v. Goltsman*, 197 F.2d 837, 838 (5th Cir. 1952) (describing the defense that a mark is not protectable because it is "a geographic name and [therefore] not subject to exclusive appropriation" as an affirmative defense).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the District Court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk